UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: LINDA A. MOORE, <br> SSN: XXX-XX-8879 <br><br> Debtor. | ) CASE NO.: 15-01364-TOM-13 <br> ) <br> ) CHAPTER 13 <br> ) <br> ) |
| LINDA A. MOORE, <br><br> Plaintiff, <br><br> Vs. <br><br> ROBERT E. BLAIR, <br> INHERITANCE FUNDING COMPANY, INC., <br> and ALAN WATSON, <br><br> Defendants. | ) <br> ) ADVERSARY PROCEEDING <br> ) <br> ) CASE NO._____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### COMPLAINT TO DETERMINE VALIDITY AND EXTENT OF LIENS
### AND TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS

COMES NOW the Debtor/Plaintiff, **Linda A. Moore** ("**Debtor**"), by and through her attorney, **Ted Stuckenschneider**, and files her **ADVERSARY COMPLAINT** against the Defendants, **Robert E. Blair** ("**Blair**"), **Inheritance Funding Company, Inc.** ("**Inheritance**"), and **Alan Watson** ("**Watson**"), pursuant to Bankruptcy Rule 7001 (2)(3) and (9), and alleges as follows:

### JURISDICTION

1. This is an Adversary Proceeding brought by the Debtor/Plaintiff pursuant to Sections 363(b) and(f) and 506(a) and (d).

2. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157 and § 1334(b).

3. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), (K), (N) and (O).

### GENERAL ALLEGATIONS

4. The Debtor/Plaintiff filed her case under Title 11, Chapter 13, in Bankruptcy on April 3, 2015.

5. As part of her proposed Plan of repayment, she has offered to sell property she has inherited ("the property"), located at 2126 Tyler Road, in Birmingham, Alabama, and thereby pay all of her creditors the amount of their allowed claims (after determination of all disputes) in full.

6. The Debtor/Plaintiff inherited "the property" by the Will of her deceased father, William J. Atchison, duly probated in the Probate Court of Jefferson County, Alabama, Case Number 210291.

7. The Debtor/Plaintiff held an equitable interest in "the property", as the sole heir and Executrix of the Estate of William J. Atchison, until May 19, 2015 when she, as Executrix, executed a Quit Claim Deed to Linda A. Moore, an unmarried woman, transferring legal title to the Debtor/Plaintiff, and closed the Estate. (Exhibit "A")

8. It is believed and alleged "the property" is worth at least what the Jefferson County Tax Assessor has assessed "the property" for in the amount of One Hundred Fifty-three Thousand Five Hundred Dollars ($153,500.00).

9. "The property" had been sold by the State of Alabama in a Tax Sale for failure to pay 2013 property taxes, and the approximate amount of Five Thousand One Hundred Dollars ($5,100.00) is owed to redeem "the property" from the Tax Sale purchaser, **Alan Watson ("Watson")**, of Phoenix, Arizona. **(See Exhibit "B")**

10. **"Watson"** has been contacted by the Debtor/Plaintiff's attorney, and he is willing to transfer his interest in "the property" back and allow the redemption in whatever amount the State Redemption Authority calculates.

11. During the pendency of the Estate of William J. Atchison, the Debtor/Plaintiff borrowed against her "equitable interest" monies to live on, in three (3) transactions, from an entity in California named **Inheritance Funding Company, Inc. ("Inheritance")**.

12. "**Inheritance**" has recorded three (3) Mortgages to secure three (3) Assignments titled, "Sale and Transfer of Beneficial Interest in Decedent's Estate to Inheritance Funding Company, Inc." **(Exhibits "C", "D", and "E")**.

13. Those Mortgages have a total indebtedness of Eighty-two Thousand Four Hundred Dollars ($82,400.00) and are alleged by **"Inheritance"** to be valid liens against the inherited property.

14. The Debtor/Plaintiff, **Linda A. Moore**, entered into a "Lease with Purchase Option" contract with **Robert E. Blair ("Blair")** for the lease and possible sale of "the property". **(Exhibit "F")**

15. The term of the Lease may or may not have been extended orally, which is a dispute between the parties, but even with the alleged extensions has expired by its terms.

16. The Debtor/Plaintiff, **Linda A. Moore**, filed a suit for Ejectment in the Circuit Court of Jefferson County, Alabama to regain possession of her property, Case Number 01-CV-2014-903799. **(See Exhibit "G")**

17. **"Blair"** filed an **ANSWER TO THE COMPLAINT**. **(See Exhibit "H")**

18. **"Blair"** filed a Counterclaim, alleging multiple torts in the transaction and occurrences between the parties. **(See Exhibit "I")**

19. It is believed **"Blair"** would still like to purchase "the property", and the Debtor/Plaintiff would be willing to sell to **"Blair"** if it could be done timely and in resolution of all claims.

20. Debtor/Plaintiff has another potential purchaser for the same price, subject to inspection of "the property", but access to "the property" has been impeded by **"Blair"**.

21. "The property" is property of the Estate.

## COUNT I

22. Debtor/Plaintiff re-alleges Items 1 through 21 as if more fully set out herein and incorporates them herein by reference.

23. **"Blair"** is hindering the progress of the Estate by not allowing inspection of "the property" so that other potential purchasers could complete making an offer.

24. **"Blair"** has also failed or refused to enter into the purchase of the property, pursuant to the Lease Sale Contract and, therefore, has lost all rights to "the property" other than his possessory interest.

25. **"Blair"** is in unlawful possession of "the property", his interest needs to be terminated, and he needs to be removed from "the property" so "the property" can be sold.

26. In the alternative, **"Blair"** needs to tender payment, pursuant to the contract, for the purchase of "the property".

27. It is undetermined as to how much he would be entitled, if any, to a down payment towards "the property" under the circumstances of the Lease Sale Contract as it presently exists.

**WHEREFORE PREMISES CONSIDERED** Debtor/Plaintiff prays for an **ORDER** from the Court determining the rights of **"Blair"** versus **Moore** to "the property", pursuant to the Lease Sale Purchase Contract, and for general relief.

## COUNT II

28. Debtor/Plaintiff re-alleges Items 1 through 27 as if more fully set out herein and incorporates them herein by reference.

29. **"Inheritance"** has failed or refused to file a claim in the case, but it is believed that they are entitled to Eighty-two Thousand Four Hundred Dollars ($82,400.00). Debtor/Plaintiff seeks an **ORDER** of the Court requiring **"Inheritance"** to file a claim, or to provide information as to the appropriate payoff and to release the lien upon payment at closing when "the property "is sold.

**WHEREFORE PREMISES CONSIDERED** Debtor/Plaintiff prays for an **ORDER** from the Court requiring **"Inheritance"** to surrender title to "the property" upon payment in full of their lien, if any, and for a determination as to the amount of their lien, and for general relief.

## COUNT III

30. Debtor/Plaintiff re-alleges Items 1 through 29 as if more fully set out herein and incorporates them herein by reference.

31. On sale of "the property", **"Watson"**, who is the Tax Sale Holder, should be entitled to the amount determined by the Redemption Department of the State of Alabama, and Debtor/Plaintiff prays for an **ORDER** of the Court to fix the amount of that lien and to require **"Watson"**, upon sale of "the property" and payment of said amount, to release said lien.

**WHEREFORE PREMISES CONSIDERED** Debtor/Plaintiff prays for an **ORDER** from the Court setting her **COMPLAINT** for hearing, requiring each of the Defendants to properly plead their interests so that the determination of the validity and extent of their liens can be determined, and to require **"Blair"** to either purchase "the property" or to extinguish his interest therein, and for general relief.

/s/ Ted Stuckenschneider
**TED STUCKENSCHNEIDER**
205 North 20th Street, Suite 427
Birmingham AL 35203
Phone (205) 324-5631

## CERTIFICATE OF SERVICE

I hereby certify on the 2nd day of June, 2015 a copy of the foregoing document was served on the following:

D. Sims Crawford, Trustee
PO Box 10848
Birmingham AL 35202

J. Thomas Corbett
Bankruptcy Administrator
Robert S. Vance Federal Building
1800 5th Avenue North
Birmingham AL 35203

Steve Schroeder, General Counsel
Inheritance Funding Company, Inc.
275 Battery Street, Suite 200
San Francisco CA 94111

Robert E. Blair
2126 Tyler Road
Birmingham AL 35226

Alan Watson
2913 E. Nighthawk Way
Phoenix AZ 85048

Robert E. Blair
c/o Thomas W. H. Buck, Esquire
Longshore, Buck
Longshore Building
2009 2nd Avenue North
Birmingham AL 35203

by ECF filing and/or by mailing a copy of same in the United States Mail, properly addressed and First Class postage prepaid.

/s/ Ted Stuckenschneider
**TED STUCKENSCHNEIDER**